Curia, per

O’Neall, J.
In this case I first propose to inquire whether the execution of the release was such as binds the plaintiffs.
The attorney recites the powers from the principals to Mallet and from Mallet to himself, and in the body of the release says, “ by virtue of the authority vested in me as aforesaid, in the name and in behalf of the said Varnum, Fuller & Co., (and others) I accept the provisions in the said assignment made in this behalf, and do further release and discharge, &c.” The attorney executed this release as follows: John Winslow, [l. s.}"attorney for C. P. Mallet— John Winslow, (seal) agent for Varnum, Fuller & Co. Was this execution a compliance with the rule which requires a deed executed by an attorney to be sealed and delivered in the name of his principal! I am satisfied it is. It purports to be by the authority, (the power recited,) and in the name and in the behalf of the principals. This is as ample an execution as if the deed had begun, “We, Varnum, Fuller, & Co.” and had been executed “ Varnum, Fuller & Co., by John Winslow, their.attorney, [l. s.]” In thus stating an execution by Varnum, Fuller & Co., I am well aware that a firm cannot be bound by deed, unless each partner seal and deliver it, or assent to the execution by one for all. But as no such objection was urged against the execution, we take it for granted that the execution was, in this respect, binding, and the notice of it has been merely to prevent a misconstruction of our opinion. In Pryor vs. Coalter, 1 Bail, 517, and Welsh vs. Parish, 1 Hill, 155, *413 there was nothing on the face of the deeds which shewed that the act done was “ in the name and in behalf” of the principal. Each purported to be the act of A. B. attorney of C. D.; and hence the deeds could not be the deeds of the principals. The difference between those cases and this mark a plain and obvious distinction. This, although signed and sealed by the attorney, is declared to be by the authority and in the name and in the behalf of the principals, which was the same as if the attorney had said, by the authority of the principals and in their names and stead, I sign, seal and deliver this deed. About the validity of such an execution, no one could doubt, and this being equivalent is equally good and binding. In Welsh vs. Parish, 1 Hill, 162, Judge Johnson recognizes Wilkes vs. Bock, 8 E. 142, as good law. For he says “ that case turned altogether upon the manner of signing the bond, and it was certainly very immaterial whether the name of the agent or principal was placed first, provided the undertaking or obligation was in the name of the principal.” Referring to Wilkes vs. Bock, it fully sustains the position that the deed is the deed of the principal, if it purports to be in his name and behalf, no matter how it is signed by the attorney. In that case Wilkes and Brown had been co-partners. Bock was. indebted to them by account. Brown was absent, but Wilkes was his attorney; there was some dispute about the payment of the account, and it was agreed to submit it to arbitration, and the parties entered into bonds, to abide by the award. Wilkes, for himself, and as attor-. ney for Brown, executed their bond in this form, Matthias; Wilkes, [l. s.] For James Browne; Matthias Wilkes, [l.s.] The question was, whether Brown was bound by the award made up according to the.submission. It was held that he was, inasmuch as the execution, from the bond itself, appeared to be done for him, and in his name, and by his authority. That decision touches this case. For it is no more a strict execution than is the case before us. From the release in this case, as well as the bond in that, the execution appears to be done for the plaintiffs, and in their name and by their authority; and hence, on the authority of that case, is entitled to be supported. Nor is Combe’s case, 9 Rep. 86, (which has given rise to all this nicely *414 about the execution of deeds by attorneys,) at all opposed to this conclusion. That was the case of a surrender of a copyhold by an entry on the rolls of the court. It was made by attorneys, but not in the name of their principal; inasmuch, however, as in the entry the attornies set out their power, and referring to it, declared the entry to be in pursuance of the authority thereby given to them, it was held to bind the principal. This, it will be noted, is a direct authority in support of the release in question. For it declares an act done in pursuance of a recited power made by the principal to be his act, and hence, as the same circumstance is found in this case, it supports the view that the release here is the deed of the plaintiffs. But I admit that the entry there was an act, without sealing or delivery, and that in that point of view, this case is distinguished from the point there decided. The court, however, in enforcing the judgment, stated the principle which gave 'rise to the rule governing this case. It was there said, “ if attornies have power, by writing, to make leases by indenture, for years, «fee., they cannot make indentures in their own names, but in the name of him who gives them warrant This is, I concede, the law governing all deeds made by attornies, and to it their deeds must conform; but this is done whenever, as in this case, the deed declares it to be made in pursuance of the authority and in the name and behalf of the principal. From this review and application of the law, I think the release is good; and this brings up the question whether it discharges the defendant. I do not think it does. In the first place, it does not seem to me that it is a discharge of Ricks B. Wiggins & Co. For it sets out that in consideration of the provision made by Ricks B. Wiggins, in his said deed of assignment, for the said Varnum, Fuller & Co., and others, and in consideration that they shall severally receive such amount of money from, the above named assignees, as they shall be thereunto severally entitled in pursuance of the terms thereof, the provisions in the assignment are accepted; and Ricks B. Wiggins & Co., are released and discharged. The special verdict does not find that the plaintiffs ever received any thing under the assignment; and if they did not, I apprehend the release is without consideration, and is not bind *415 ing on the plaintiffs even, as against Wiggins. But be that as it may, it is clear, I think, in the second place, that Evans cannot pretend that he is discharged. The assignment was to him, and to protect him in his securityship; to enable him to avail himself of the benefits of the assignment, the plaintiffs’s release was necessary to be executed. He procured it to be done, and the jury have found not only that he assented to it, but that it was for his benefit. Under such circumstances, it cannot be a release of him. For the release of one joint or joint and several debtor only operates as a release to the other, when made without his knowledge or assent, on the ground either that by the terms of the contract it cannot be enforced against one, but must be against both, or if by the terms of the contract it may be enforced against one, then that it deprives him of a remedy against his co-debtor. This case is under the last branch of the proposition stated; for the note of Wiggins & Co. and the defendant is joint and several. There is nothing therefore in the form of the contract to prevent a recovery against the defendant as a several promissor. The release deprived him of no remedy. For he himself was the assignee, and to make his remedy perfect, it was necessary to be executed. When therefore it was executed by his procurement, with his assent, and for his benefit, it cannot relieve him from the note to the plaintiffs. It is very analogous to a discharge, under the bankrupt or insolvent debtors law; either would discharge the principal; but yet the security would be bound. An acceptance of a provision under a deed of assignment, and a release of the principal, with the assent of the security, must be equivalent to a discharge by operation of law, and the rights of all concerned would be the same, under one as well as the other.
Note. — The Reporter is not in possession of the different exhibits containing the evidence and all the facts that were before the court; but he flatters himself that enough is furnished of the case to make it intelligible. He has given all that he received.
The motion is dismissed.
Richardson, Earle and Butler, XI., concurred.